IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALAN J. CLIFTON | * | |
| Petitioner, | * | Civil Action No. RDB-16-0126 |
| v. | * | Criminal Action No. RDB-12-0389 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MEMORANDUM OPINION**

On March 21, 2013, a jury convicted Alan J. Clifton ("Petitioner" or "Clifton") of three offenses involving child pornography, including transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) (Count 1); receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(b) (Count 3). *See* Jury Verdict, ECF No. 51. Subsequently, this Court sentenced Clifton to 84 months imprisonment as to each count to run concurrently, for a total term of 84 months. *See* J., ECF No. 72. Currently pending before this Court are Clifton's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 94) pursuant to 28 U.S.C. § 2255 and Clifton's Supplement to Motion to Vacate (ECF No. 97).[1] He contends that his counsel's ineffective performance violated his Sixth Amendment Rights.

Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Petitioner's

---

[1] On January 13, 2016, Petitioner filed a Motion to Hold 2255 Proceeding *sub curia* (ECF No. 95) to afford Petitioner time to supplement his § 2255 Motion, which this Court granted. *See* Order, ECF No. 96. Petitioner filed a Supplement (ECF No. 97) on June 8, 2016, and the Government filed a Response (ECF No. 98) on June 9, 2016.

Motion to Vacate, Set Aside or Correct Sentence (ECF No. 94) is DENIED, and
Petitioner's Supplement to Motion to Vacate (ECF No. 97) is also DENIED.

## BACKGROUND

On October 10, 2011, Detective Christina Childs of the Baltimore County Police
Department, using file-sharing software available only to law enforcement, discovered a
peer-to-peer file-sharing account sharing 15 files, 11 of which bore names consistent with
child pornography. *See* Jury Trial – Day 2, ECF No. 46. Detective Childs was able to
download three of the files, all of which depicted child pornography. *See* Jury Trial – Day 2,
ECF No. 46. The user information associated with the account's IP address was subpoenaed
from Comcast, which led investigators to Clifton. *See* Jury Trial – Day 2, ECF No. 46. A
search and seizure warrant was executed at Clifton's home on November 30, 2011. *See*  Jury
Trial – Day 2, ECF No. 46. Officers interviewed Clifton for 40 minutes and seized, among
other things, hard drives, computers, CDs, and DVDs. *See* Jury Trial – Day 2, ECF No. 46.

The Grand Jury for the District of Maryland charged Clifton with possessing child
pornography, *see* Indictment, ECF No. 1, to which Clifton pled Not Guilty. *See* Arraignment,
ECF No. 12. Subsequently, the Grand Jury filed a First Superseding Indictment, which
charged Clifton with transporting child pornography ("Count 1"), in violation of 18 U.S.C. §
2252(a)(1); receiving child pornography ("Count 2"), in violation of 18 U.S.C. § 2252(a)(2);
and possessing child pornography ("Count 3"), in violation of 18 U.S.C. § 2252(a)(4)(B). *See*
First Superseding Indictment, ECF No. 19. Clifton pled Not Guilty to all three counts. *See*
Arraignment, ECF No. 15. On March 18, 2013, the matter proceeded to a jury trial before
this Court. *See* Jury Trial – Day 1, ECF No. 45.

During the course of the trial, the Government called six witnesses, one of which was FBI Agent Michael Gordon. *See* Jury Trial – Day 2, ECF No. 46. Gordon was admitted as an expert witness in the field of peer-to-peer file-sharing. *See* Official Transcript ECF No. 83. Gordon testified about peer-to-peer file-sharing generally, the process of installing a file-sharing platform called FrostWire,[2] downloading files, and manual and automatic file-sharing. *Id.* Additionally, Gordon testified about Clifton's customized FrostWire account settings. *Id.* On cross examination, defense counsel addressed FrostWire's default setting to automatically "share" files, Clifton's efforts to prevent such sharing, and how even Gordon had to be taught how to turn off those settings. *Id.*  The defense called one witness, Alan J. Clifton. *See* Jury Trial – Day 3 ECF No. 47.

The trial concluded on March 21, 2013, and the jury found Clifton guilty of all three counts. *See* Jury Verdict, ECF No. 49. Clifton was sentenced to imprisonment for a term of 84 months as to Count 1, 84 months as to Count 2, and 84 months as to Count 3, each to run concurrently for a total term of 84 months. *See* Judgment, ECF No. 72.

Clifton appealed this Court's judgment to the United States Court of Appeals for the Fourth Circuit. *See* Notice of Appeal, ECF No. 73. On appeal, Clifton challenged the sufficiency of evidence for the mens rea element of Count 1. *United States. v. Clifton*, 587 F. App'x. 49 (4th Cir. 2014) (per curiam) (unpublished). Specifically, Clifton argued that there was insufficient evidence to conclude that he "knowingly" transported child pornography. *Id.* The Fourth Circuit affirmed the judgment of this Court, finding "that the jury had sufficient evidence to convict Clifton of violating 18 U.S.C. § 2252(a)(1)." *Id.* Subsequently,

---

[2] FrostWire is the name of the peer-to-peer file-sharing platform Clifton used to store files.

Clifton filed the pending Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 94) and Supplement to Motion to Vacate (ECF No. 97).

## STANDARD OF REVIEW

In order to state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

Petitioner Alan J. Clifton ("Petitioner" or "Clifton") contends that he is entitled to relief under 28 U.S.C. § 2255 because his counsel's ineffective performance violated his Sixth Amendment right. *See* Motion to Vacate, ECF No. 94. Specifically, Petitioner argues that his trial counsel's failure to call a defense computer expert at trial with knowledge of peer-to-

peer forums, to testify as to Petitioner's lack of intent to share files containing child pornography, was not reasonable.[3] *Id.* Petitioner asserts that calling an expert witness could have created reasonable doubt as to his intent and could have led to acquittal on Count 1. *Id.*

## I. Performance under *Strickland*

Petitioner argues that trial counsel's failure to call an expert witness with knowledge of peer-to-peer forums was not objectively reasonable. *Id.* During trial, the government called Agent Gordon and admitted him as an expert witness in peer-to-peer file-sharing. *See* Official Transcript, ECF No. 83. Petitioner argues that trial counsel could not independently assess Gordon's highly-technical testimony for accuracy, and so relying on the Government's witness to establish Petitioner's defense was not a reasonable choice. *See* Motion to Vacate, ECF No. 94. Petitioner also asserts that lead trial counsel has since acknowledged that it was an error not to call an expert witness. *Id.*

In *Strickland v. Washington*, the Supreme Court opined that courts should consider "whether counsel's assistance was reasonable considering all the circumstances." 466 U.S. 668, 671 (1984). In this assessment, the Supreme Court has stated that courts should consider whether counsel has executed his or her "basic duties" which include "assist[ing] the defendant… [and] advocating the defendant's cause." *Burt,* 134 S.Ct at 17. Counsel's decisions are to be afforded substantial deference because there is no "particular set of

---

[3] Additionally, Federal Public Defender James Wyda filed a letter with this Court stating that Clifton had potentially meritorious claims that "trial counsel was ineffective in failing to advise him about the consequences of turning down the government's plea… [and] that appellate counsel was ineffective in failing to challenge the reasonableness of his sentence…." *See* FPD Letter, ECF No. 90. Petitioner is now represented by C. Justin Brown. *See* ECF No. 94. Petitioner, with the assistance of counsel, has not opted to pursue either of these arguments initially proposed by the Federal Public Defender in the pending Motion to Vacate. *Id.*

detailed rules for counsel's conduct [that] can satisfactorily take account of the variety of circumstances faced by defense counsel" in the course of trial. *Strickland*, 446 U.S. 688-89.

At trial, defense counsel conducted a thorough cross examination of FBI Agent Michael Gordon. *See* Official Transcript, ECF No. 83. Defense counsel's questions pertained to, among other things, FrostWire's settings and the particulars of Petitioner's account. *Id.* Gordon testified that FrostWire's default settings automatically share files, and that he learned how to change those settings through familiarization with the program. *Id.* Additionally, Gordon acknowledged that Petitioner tried to prevent file-sharing but was unsuccessful due to the default setting. *Id.* Trial counsel's cross examination was thorough, which indicates that counsel was well-versed in the subject matter of Agent Gordon's testimony. *See United States v. Higgs*, 663 F.3d 726, 738-39 (4th Cir. 2011) ("Defense counsel conducted a thorough and effective cross-examination of Lundy, demonstrating that Higg's counsel were well acquainted with the criticisms of CBLA and we see little that could have been gained by calling a defense expert to offer comparable criticisms.").

After filing his Motion to Vacate, the Defendant retained Louis Cinquanto of Cornerstone Discovery to investigate the digital evidence collected in this case. *See* Supplemental Motion, ECF No. 97. Cinquanto's report concluded that Clifton took affirmative steps to shut down FrostWire's file-sharing function, and that a lay user would believe these steps deactivated the file-sharing function. *Id.* However, Clifton's actions and the knowledge required to disable the sharing function were both addressed during Gordon's testimony at trial. *See* Official Transcript, ECF No. 83. Specifically, the issue of any efforts Clifton took with respect to file sharing was presented for the jury's consideration.

6

Cinquanto does not allege that Gordon was unreliable in his methods or inaccurate in his conclusions. *See* Supplemental Motion, ECF No. 97. Trial counsel advocated for the Defendant through Gordon; and there is no indication that a defense expert witness would have provided additional exculpatory evidence. Such a decision does not fall below *Strickland*'s "objective standard of reasonableness." 466 U.S. at 688.

Petitioner's trial counsel has since contended that his decision not to call an expert was ultimately erroneous. *See* Supplemental Motion, ECF No. 97. However, The Government correctly points out that an unsuccessful trial strategy does not equate to unconstitutionally deficient representation. *See* Response to Motion, ECF No. 98. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466, 689. That is why review of counsel's performance is highly deferential. *Id.* In conclusion, trial counsel's performance was not objectively unreasonable under *Strickland*.

## II. Prejudice under *Strickland*

Even if Petitioner had demonstrated that trial counsel's performance was unreasonable, he could not demonstrate prejudice, the second prong of *Strickland*. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. 668, 691. The defendant must show that counsel's performance prejudiced the defendant. *Id.* "It is not enough for the defendant to show that the errors had some conceivable effect on the

outcome of the proceeding." *Id.* at 693. Showing prejudice under *Strickland* means "[t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 694.

Petitioner contends that if trial counsel had called a computer expert to challenge Gordon's testimony, Petitioner may have been acquitted on Count 1, the transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). *See* Supplemental Motion to Vacate, ECF No. 97. Given the fact that Cinquanto's report does not contest the accuracy or reliability of Gordon's testimony, it is unlikely that Cinquanto's testimony would have had the undermining effect that Petitioner suggests. *Id.* Even if it did, Gordon's testimony is not the only evidence that the Defendant knowingly transported child pornography. Also on the record is the testimony of Detective Childs, who testified that the Defendant was sharing 15 files on FrostWire, 11 of which contained titles consistent with child pornography; that child pornography files had been shared for download for a full week; that she was able to download several of these files; and she confirmed that the files depicted child pornography. *See* Jury Trial – Day 2, ECF No. 46. Petitioner even appealed the sufficiency of evidence regarding the mens rea element of Count 1 to the Fourth Circuit. *United States. v. Clifton*, 587 F. App'x. 49 (4th Cir. 2014) (per curiam) (unpublished). Relying heavily on Childs' testimony, and Clifton's testimony as to his knowledge of FrostWire, the Fourth Circuit concluded that "the jury had sufficient evidence to convict Clifton of" Count 1. *Id.* at 15. Therefore, it is not reasonably likely that the result of the proceeding would have been different if the defense had called an expert witness.

Moreover, even if Petitioner had been acquitted of Count 1, charging him with transporting child pornography, this acquittal would not have resulted in a shorter sentence. He was sentenced to 84 months incarceration on Count 1, transporting child pornography; Count 2, receiving child pornography; and on Count 3, possesing child pornography, each sentence to run *concurrently*, for a total time served of 84 months. With or without Count 1, Petitioner's sentence would have been 84 months. *See* J., ECF No. 72.   Accordingly, Petitioner has failed to show that counsel's alleged error prejudiced the result of the proceeding. *See e.g., Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995) ("Mr. Green received a 420-month sentence in the cocaine case. The 57-month sentence of which he complains here is being served concurrently with the 420-month sentence. Even if the shorter sentence had been the result of ineffective counsel-which it was not-the lack of effective assistance would have had no effect on the length of time Mr. Green must spend in prison. Prejudice is an essential element of an ineffective assistance claim, *Strickland* teaches, and it does not appear that Mr. Green could make any showing of prejudice.").

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 94) is DENIED, and Petitioner's Supplement to Motion to Vacate (ECF No. 97) is also DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir.

2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:          September 26, 2016

                                                    _____/s/_____
                                                    Richard D. Bennett
                                                    United States District Judge